IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED CASUALTY AND SURETY INSURANCE COMPANY | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 24-621 |
| | § | |
| v. | § | |
| | § | |
| MSB CONSTRUCTORS, INC.; and MARK S. BERRY | § § | |
| Defendants. | § § | |

## ORIGINAL COMPLAINT

Plaintiff, United Casualty and Surety Insurance Company (the "Surety"), files this Complaint against Defendants, MSB Constructors, Inc. and Mark S. Berry (collectively, the "Indemnitors."), and respectfully states:

### I.
### PARTIES

1. The Surety is a Nebraska corporation with its principal place of business in the State of Massachusetts. The Surety is authorized to do business in the State of Texas.

2. MSB Constructors, Inc. (the "Principal") is a Texas corporation with its principal places of business in the State of Texas. The Principal is authorized to do business in the State of Texas. For diversity purposes, the Principal is a domiciliary and citizen of the State of Texas. The Principal can be served with process through its registered agent, Mark S. Berry at 103 Oak Grove Lane, Boyd, Texas 76023.

3. Mark S. Berry is an individual resident, domiciliary, and citizen of the State of Texas who can be served with process at 103 Oak Grove Lane, Boyd, Texas 76023, or wherever he may be found. For diversity purposes, Mark S. Berry is a domiciliary and citizen of the State of Texas.

## II.
## JURISDICTION

4. Jurisdiction is proper in the Northern District of Texas as this court has subject matter jurisdiction. The jurisdiction of this Court over the subject matter of this action is based on 28 U.S.C. § 1332 and the parties are diverse. The amount in controversy for this claim exceeds $75,000.00.

## III.
## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(a)(3) in the Northern District of Texas, Fort Worth Division. This is a judicial district in which all of the defendants are subject to the Court's personal jurisdiction.

## IV.
## FACTUAL BACKGROUND

**A.  The Indemnitors Executed an Agreement of Indemnity in Favor of the Surety**

6. The Principal approached the Surety to issue performance and payment bonds in connection with construction projects in the State of Texas.

7. The Surety required indemnity prior to the issuance of any bond.

8. This indemnity requirement was met by execution of a *General Indemnity Agreement* by the Indemnitors in favor of the Surety, dated November 13, 2018 (the "Indemnity Agreement").[1] A copy of the *General Indemnity Agreement* is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The Indemnitors have an obligation under Article 2 of the Indemnity Agreement to indemnify the Surety from loss:

> The Undersigned agree to indemnify and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and

---

[1] Lana Berry is also an indemnitor under the Indemnity Agreement.

**ORIGINAL COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

expenses of whatever kind or nature which arise by reason of, or in consequence of, the execution by the Surety of any bond on behalf of the Principal and whether or not the Surety shall have paid any sums in partial or complete payment thereof, but not limited to: sums paid including interest, or liabilities incurred in settlement of claim . . . .

**B.  The Bonds and Losses of the Surety**

10.  Relying upon the Indemnity Agreement and as requested by the Principal, the Surety issued the following payments and performance bonds:

   a. Performance and Payment Bond No. UCSX384X1259 on behalf of the Principal in favor of the Town of Flower Mound, Texas for the Canyon Falls Park project;

   b. Performance and Payment Bond No. UCSX384X1287 on behalf of the Principal in favor of the City of Plano, Texas for Plano Parkway, hike and bike sidewalk project;

   c. Performance and Payment Bond No. UCSX384X1328 on behalf of the Principal in favor of the City of Waxahachie, Texas for the Lee Penn Park Pool and Bathhouse project;

   d. Performance and Payment Bond No. UCSX384X1396 on behalf of the Principal in favor of the Fort Worth Independent School District for the Clark Field Bus Wash Facility project; and

   e. Performance and Payment Bond No. UCSX384X1259 on behalf of the Principal in favor of the City of Granbury, Texas for the Granbury Regional Airport Terminal Building project.

(collectively, the "Bonds").

11. Following issuance of the Bonds, claims were asserted against the Bonds by subcontractors and/or suppliers of the Principal that alleged non-payment by the Principal on the bonded projects.

12. In addition, following issuance of the Bonds, claims were asserted against the Bonds by owners of the project, alleging that non-performance by the Principal on the bonded projects.

13. The Principal did not formally contest claims on the Bonds.

14. Based on the existence of the claims against its Bonds, the Surety has suffered losses under the Bonds of at least $4,515,021.61 as of June 30, 2024. A true and correct copy of the internal loss ledger of the Surety is attached hereto as Exhibit 2 and is fully incorporated by reference.

15. The Surety continues to incur losses in the form of attorneys' fees and expenses in pursuing enforcement of the Indemnitors' obligations under the Indemnity Agreement.

16. In light of the claims against the Bonds and the losses incurred by the Surety under the Bonds, the Indemnitors have an obligation under the Indemnity Agreement to indemnify the Surety from any loss.

C. **Request for Reimbursement**

17. On December 8, 2023, the Surety demanded that the Indemnitors repay the losses suffered by the Surety under the Bonds. A true and correct copy of the demand for indemnity is attached hereto as Exhibit 3 and is fully incorporated by reference

18. The Indemnitors, however, have failed to fulfill their obligations under the Indemnity Agreement.

19. Specifically, the Indemnitors have failed to repay the Surety for the losses that suffered in connection with the Bonds.

20. On January 11, 2024, the Surety notified the Indemnitors that the failure to reimburse the Surety as demanded constituted a default under the terms of the Indemnity Agreement. A true and correct copy of the notice of default is attached hereto as Exhibit 4 and is fully incorporated by reference.

## V.
## CONDITIONS PRECEDENT

21. All conditions precedent to recovery by the Surety from each defendant has occurred or has been performed.

## VI.
## CAUSES OF ACTION

### COUNT I
### Breach of Indemnity Agreement

22. The Surety incorporates herein by reference, as if fully set forth, the allegations set forth above.

23. The Indemnitors are liable to the Surety under the Indemnity Agreement for all losses the Surety has incurred, and will incur, in connection with the Bonds.

### COUNT II
### Recovery of Attorneys' Fees and Expenses

24. The Surety incorporates herein by reference, as if fully set forth, the allegations set forth above.

25. The Surety is entitled to recover its attorneys' fees and expenses from the Indemnitors as a direct loss under the provisions of the Indemnity Agreement.

26. Additionally, and alternatively, the Indemnitors are obligated to reimburse the Surety for its reasonable attorneys' fees incurred in the bringing of this complaint under Section 38.001 of the Texas Civil Practice & Remedies Code.

## VII.
## PRAYER

For the foregoing reasons Plaintiffs, United Casualty and Surety Insurance Company, respectfully requests that the Indemnitors be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1. Judgment against the Indemnitors in the amount of damages incurred by the Surety;
2. Attorneys' fees and expenses;
3. Pre-judgment and post judgment interest at the maximum permissible at law or in equity;
4. Costs of court; and
5. Such other and further relief to which the Surety is justly entitled.

Respectfully submitted,

**BAINS LAW PLLC**

By: /s/ *Brandon K. Bains*
Brandon K. Bains
State Bar No. 24050126
P.O. Box 1027
Aledo, Texas 76008
Telephone: (214) 494-8097
brandon@bainslaw.com

**ATTORNEY FOR UNITED CASUALTY SURETY AND INSURANCE COMPANY**